[No. B080518. Second Dist., Div. Seven. Nov. 21, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY LAND, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published are: the introduction, part II, and the disposition.

**COUNSEL**

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Paul M. Roadarmel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JOHNSON, J.**—Appellant, Jerry Land, was convicted by a jury of numerous criminal offenses committed during a one-night crime spree. He appeals his conviction, contending: (1) insufficient evidence supports the finding he aided and abetted the robbery, assault with a firearm and attempted murder of Gabriel Sandoval; (2) insufficient evidence supports the conviction for receiving stolen property; (3) it was reversible error to admit a document of unknown origin with his name on it found in the stolen vehicle; (4) it was reversible error to fail to instruct sua sponte aiding and abetting liability does not attach where the criminal act is the independent product of one of the perpetrators; (5) it was reversible error to fail to instruct on the effect of his accomplice's intoxication; (6) it was prejudicial error to instruct the jury could disregard the testimony of a witness who was willfully false when the instruction appeared to be directed at his exculpatory testimony; (7) it was error to punish him for both the robbery and attempted murder of Sandoval; and, (8) the restitution fine was improperly imposed in the absence of a determination of his ability to pay. After a review of the entire record, we conclude, whatever errors might have occurred were not prejudicial. Accordingly, we affirm the judgment.

### FACTS AND PROCEEDINGS BELOW*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

I.  *Substantial Evidence Supports Appellant's Conviction for Robbery as an Aider and Abettor and for Assault With a Deadly Weapon and Attempted Murder Which the Jury Found to Be the Natural and Probable Consequences of the Armed Robbery.**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

II.  *Substantial Evidence Supports the Conviction for Receiving Stolen Property.*

According to appellant's statement to the police, the evening's events began with him and his friend drinking in his backyard. At some point, appellant's friend left and returned with a white car. His friend suggested going to the San Fernando Valley (Valley) to visit a girlfriend. Once in the car appellant's friend told him the car was stolen. When they reached the Valley his friend said he wanted to rob somebody. According to appellant's statement, his friend then stole some food from a 7-Eleven store.

*See footnote, *ante*, page 220.

After the theft at the 7-Eleven, they resumed driving the white car. They saw a red vehicle and his friend told appellant, "We're going to rob that Hispanic and take his car." They made a U-turn and intentionally bumped into Gabriel Sandoval's car. They took Sandoval's wallet at rifle point and made him crawl into the white car. Sandoval was shot in the back and in the leg and left for dead in the stolen white car. Appellant and his friend then took off in Sandoval's car.

Appellant was charged with the unlawful taking or driving of the white car (Veh. Code, § 10851, subd., (a)) and with receiving the same stolen property (Pen. Code, § 496, subd. (a)). The jury found appellant not guilty of the theft of the car but convicted him of receiving that stolen property.

■ Appellant contends the conviction must be reversed because there was no evidence he possessed or exerted dominion and control over the vehicle. He claims the evidence showed he was merely a passenger in the stolen vehicle.

At the time of trial, Penal Code section 496, subdivision (a) provided in pertinent part: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, is punishable by imprisonment in a state prison, . . ."

■ Thus, to sustain a conviction for receiving stolen property, the prosecution must prove (1) the property was stolen; (2) the defendant knew the property was stolen; and, (3) the defendant had possession of the stolen property. (*People* v. *Kunkin* (1973) 9 Cal.3d 245, 249 [107 Cal.Rptr. 184, 507 P.2d 1392, 57 A.L.R.3d 1199]; see also *People* v. *Price* (1991) 1 Cal.4th 324, 464 [3 Cal.Rptr.2d 106, 821 P.2d 610].)

Possession of the stolen property may be actual or constructive and need not be exclusive.[2] (See, e.g. *People* v. *Martin* (1973) 9 Cal.3d 687, 695-696 [108 Cal.Rptr. 809, 511 P.2d 1161]; *People* v. *Redrick* (1961) 55 Cal.2d 282, 288 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Johnson* (1980) 104

---

[2]Had appellant been the driver presumably there would be no question he had possession of the car. Some courts consider evidence the defendant was the driver of a stolen vehicle prima facie evidence of possession of that stolen property. (See, e.g., *State* v. *McCoy* (1989) 116 N.J. 293 [561 A.2d 582]; *Irvin* v. *State* (Ind.Ct.App. 1986) 501 N.E.2d 1139.) However, operation of the vehicle is not the sine qua non of possession of a stolen vehicle. As noted, physical possession of the stolen property is not required. (See, e.g., 2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Property, § 628, pp. 706-707.) It is sufficient if the

Cal.App.3d 598, 606 [164 Cal.Rptr. 69]; *People* v. *Estrada* (1965) 234 Cal.App.2d 136, 155 [44 Cal.Rptr. 165, 11 A.L.R.3d 1307]; see also Perkins & Boyce, Criminal Law (3d ed. 1982) Receiving Stolen Property, ch. 4, § 6, pp. 395-397; 4 Wharton's Criminal Law (14th ed. 1981) Receiving Stolen Property, § 458, pp. 17-21.) Physical possession is also not a requirement. It is sufficient if the defendant acquires a measure of control or dominion over the stolen property. (*People* v. *Myles, supra,* 50 Cal.App.3d 423, 429; see also 2 Witkin & Epstein, Cal. Criminal Law, *supra,* Crimes Against Property, § 628, pp. 706-707 and cases cited.)

■ However, we agree with appellant, mere presence near the stolen property, or access to the location where the stolen property is found is not sufficient evidence of possession, standing alone, to sustain a conviction for receiving stolen property. (*People* v. *Martin, supra,* 9 Cal.3d at p. 696 [evidence defendant had stolen goods in the trunk of his car taken from codefendant's car trunk inadequate evidence to sustain conviction for receiving the stolen property in codefendant's car]; *People* v. *Myles, supra,* 50 Cal.App.3d at p. 429 [evidence defendant was passenger in car and found standing close to car trunk containing stolen goods insufficient to infer possession for conviction of receiving stolen property]; *People* v. *Zyduck* (1969) 270 Cal.App.2d 334, 336 [75 Cal.Rptr. 616] [evidence defendant was passenger in car with stolen chain saw in rear seat insufficient evidence to infer his possession of stolen item].)

Appellant does not contest two of the three elements of the crime of receiving stolen property were satisfied. Appellant's own statement established the car was stolen and he knew the car was stolen. It is the third prong which appellant claims lacks evidentiary support. ■ In reliance on *Martin, Myles* and *Zyduck, supra,* he argues evidence he was merely a passenger in the car is insufficient to infer he possessed or exerted dominion or control over the stolen vehicle.

The People counter the evidence demonstrated more than mere access or proximity to the stolen property. The People's argument suggests appellant's

---

defendant acquires a measure of dominion or control over the stolen property. (*People* v. *Myles* (1975) 50 Cal.App.3d 423, 429 [123 Cal.Rptr. 348].)

For example, had his friend induced some innocent third party to drive him and appellant to the San Fernando Valley, appellant and his friend would still have control over the vehicle and therefore be in constructive possession of it. Similarly, had appellant's friend suggested appellant drive the stolen vehicle for some portion of their trip, there would be no question they would be copossessors of the stolen vehicle. The more difficult question is, in the absence of these circumstances, what additional facts are necessary for a finding a passenger jointly possessed a stolen vehicle with the driver.

physical presence in the stolen vehicle, or the suspicious circumstances surrounding the car's acquisition, is sufficient to demonstrate he copossessed the car with the driver. In support of their position the People cite *People* v. *Johnson, supra,* 104 Cal.App.3d 598, where a thief and his accomplice were found to copossess the stolen property. However, the evidence in that case established both men had actual possession of the stolen purses, if only for a short while. The men were discovered together going through the women's stolen purses while standing in the same bathroom stall.

The decision in *People* v. *Barnes* (1962) 210 Cal.App.2d 740 [26 Cal.Rptr. 793] is also not on point. There the defendant not only accompanied the thief, but also aided in concealing the property and even attempted to sell some of it. These factors, in combination, were enough to support a finding the defendant possessed the stolen property. So once again the defendant's conviction was sustained on evidence of actual possession of the stolen property.

While we do not doubt the correctness of the rationales or analyses of these decisions, they do not shed any light on the entirely different factual question of whether, and under what circumstances, a passenger in a stolen car, knowing the car is stolen, may be properly found to have possession or dominion and control over the stolen vehicle.

Neither side has directed our attention to any reported California decision directly raising the issue of the type and quantum of evidence sufficient to find a passenger in a stolen vehicle guilty of receiving that stolen car. Our independent research has also proved unsuccessful. (Cf. *People* v. *Clark* (1967) 251 Cal.App.2d 868 [60 Cal.Rptr. 58] and *People* v. *Champion* (1968) 265 Cal.App.2d 29 [71 Cal.Rptr. 113] [evidence defendant may have been passenger in stolen car insufficient to establish guilt for the *theft* of that car].) However, we are guided by the court's decision in *People* v. *Zyduck, supra,* 270 Cal.App.2d 334, suggesting something more than mere presence or access is required to establish possession. There the court noted, "[d]ominion and control are essentials of possession, and they cannot be inferred from mere presence or access. Something more must be shown to support inferring of these elements. Of course, the necessary additional circumstances may, in some fact contexts, be rather slight. [Citations.] It is clear, however, that some additional fact is essential." (270 Cal.App.2d at p. 336.)

Courts of other jurisdictions have attempted to identify those additional facts which give rise to the inference a passenger has possession of a stolen car. For example, the New York Court of Appeals in *People* v. *Rivera* (1993) 82 N.Y.2d 695 [601 N.Y.S.2d 470, 619 N.E.2d 407] reversed the conviction

for possession of stolen property of a defendant who was found sitting in the passenger seat of a parked car. Although the evidence suggested the defendant knew or should have known the car was stolen, there was no evidence he had done anything to exert control over the stolen vehicle. The court indicated proof of possession required at least some evidence of "when defendant entered the vehicle or what part, if any, he played in its taking." (601 N.Y.S.2d at p. 471 [619 N.E.2d at p. 408].)[3]

In *State* v. *McCoy, supra,* 561 A.2d 582 the New Jersey Supreme Court was asked to decide whether there was an adequate factual basis for a guilty plea for a would-be passenger of a stolen vehicle. In *McCoy* the defendant testified he saw his friend in a car and walked over to him. The defendant indicated he thought the car was stolen. He was arrested as he was about to get into the car to take a ride with his friend. Because the court found the driver to be in actual possession of the stolen automobile (561 A.2d at p. 586), the issue for resolution was whether a defendant who knows an automobile to be stolen has possession of the automobile "by placing his or her hands on it with the intent to ride around." (561 A.2d at p. 585.)

The New Jersey Supreme Court rejected the appellate division opinion to the extent it could be read as holding a passenger by merely riding in a vehicle he or she knows to be stolen "cannot secure the necessary dominion and control over the vehicle to possess it." (561 A.2d at p. 588.) The New Jersey high court also rejected the appellate division dissenting opinion which found a defendant's status as a passenger would not merely give rise to an inference, but would constitute conclusive proof of possession. (*Ibid.*)

The court reviewed numerous decisions from other jurisdictions which involved the issue of when a passenger in a stolen vehicle could be properly

---

[3]Other jurisdictions are virtually unanimous in holding the fact a person is a passenger in a stolen vehicle is not, standing alone, enough to establish constructive possession of the stolen vehicle. (See, e.g., *State* v. *Plank* (1987) 46 Wn.App. 728 [731 P.2d 1170] [no evidence passenger exerted control over the stolen vehicle or even knew it was stolen]; *State* v. *Serrano* (1969) 53 N.J. 356 [251 A.2d 97] [evidence defendant passenger in stolen car and fled when stopped by police insufficient evidence of possession where no evidence established defendant knew car was stolen]; *People* v. *Botzen* (1986) 151 Mich.App. 561 [391 N.W.2d 410] [no law to support proposition act of being passenger in car alone constitutes possession]; *In re Dulaney* (1985) 74 N.C.App 587 [328 S.E.2d 904] [possession and control not established on evidence juvenile defendant only learned car was stolen while en route to Florida with friends]; *State* v. *Sims* (1983) 10 Ohio App.3d 56 [460 N.E.2d 672] [passenger not in possession of stolen vehicle where unaware car was stolen]; *Commonwealth* v. *Scudder* (1980) 490 Pa. 415 [416 A.2d 1003] [no evidence passenger had conscious control of van or knew it was stolen]; *Reese* v. *Commonwealth* (1985) 230 Va. 172 [335 S.E.2d 266] [mere presence in vehicle insufficient where no evidence defendant aware car was stolen]; *Moehring* v. *Commonwealth* (1982) 223 Va. 564 [290 S.E.2d 891] [where defendant hitchhiker observed theft of vehicle by another and then accepted a ride in it, there was insufficient evidence to establish defendant could exercise dominion and control over vehicle].)

convicted of possession of the stolen car. The New Jersey Supreme Court distilled the factual elements of those cases and held ". . . an inference of possession may arise from a passenger's presence in a stolen automobile when that presence is coupled with additional evidence that the passenger knew the driver, knew that the vehicle was stolen, and intended to use the vehicle for his or her own benefit and enjoyment. Those facts could lead a jury to infer that it is more probable than not that the passenger had both the intention and the capacity to control the stolen vehicle. A jury might infer that such a passenger could exert control over the vehicle, an inference that would support a finding of constructive possession. . . ." (561 A.2d at p. 588.)

The court was not persuaded facts the defendant placed his hands on the car with the intent to ride around in it, knowing the driver and knowing the car to be stolen, but not physically present in the car, constituted sufficient evidence of possession to sustain the conviction. (561 A.2d at p. 588.)

We find the analysis of the New Jersey Supreme Court in *McCoy* persuasive. Decisions of other jurisdictions which have addressed the issue have similarly concluded strong evidence of the passenger's guilty knowledge and a close relationship to the driver or thief, or evidence of a defendant's conduct indicating control, may give rise to an inference of possession. (See, e.g., *Hurston* v. *State* (1991) 202 Ga.App. 311 [414 S.E.2d 303] [passenger exerted control over stolen vehicle because left in car with motor running while driver went into convenience store]; *People* v. *Tucker* (1989) 186 Ill.App.3d 683 [134 Ill.Dec. 458, 542 N.E.2d 804] [passenger had tool for prying off spoke wheels and kept lookout when driver got out of car]; *Riddle* v. *State* (1990) 303 Ark. 42 [791 S.W.2d 708] [passenger's presence in stolen vehicle, flight from the police when car stopped and violent attempt to avoid capture sufficient evidence from which jury could infer constructive possession of the stolen vehicle]; *State* v. *Alexander* (1987) 215 N.J.Super. 523 [522 A.2d 464] [evidence defendant passenger in vehicle six hours after its theft, lived close to the place of the theft and gave police false information sufficient evidence for jury to infer he constructively possessed stolen vehicle]; *People* v. *Johnson* (1978) 64 Ill.App.3d 1018 [21 Ill.Dec. 791, 382 N.E.2d 85] [evidence defendant passenger in car for three hours but when arrested found crouched beneath steering wheel and previous driver exited car from passenger side adequate evidence to establish possession]; *In re Ashby* (1978) 37 N.C.App. 436 [246 S.E.2d 31] [evidence passenger broke into another car and fled scene when driver of stolen car attempted to evade police sufficient to infer possession of stolen car]; *People* v. *Murphy* (1984) 126 Misc.2d 1023 [484 N.Y.S.2d 411] [passenger had possession of stolen car where he witnessed theft by his friend, accepted invitation to ride in the car and got in and out of the car during five-hour ride].)

From the foregoing we learn the fact a person is a passenger in a stolen vehicle will not necessarily preclude a conviction for receiving stolen property. It is also clear from these decisions additional factual circumstances are necessary to establish a passenger has possession or control of the stolen car. However, these decisions indicate there is no single factor or specific combination of factors which unerringly points to possession of the stolen vehicle by a passenger. If anything, these decisions emphasize the question of possession turns on the unique factual circumstances of each case.

"The credence and ultimate weight to be given the evidence of the various particular circumstances are of course for the trier of fact, and '[i]t is the trier of fact, not the appellate court, that must be convinced of a defendant's guilt beyond a reasonable doubt.' " (*People* v. *Redrick, supra*, 55 Cal.2d at p. 289.) We conclude the record in this case contains additional facts beyond mere presence or access, which when coupled with his status as a passenger, give rise to the inference appellant had constructive possession of the stolen vehicle.

The evidence established the driver and appellant were friends. They drank together, did drugs together, and presumably knew each other well. Appellant knew the car was stolen. The car was stolen near appellant's residence and they drove in it within the hour of its theft. They used the vehicle for their own benefit and enjoyment. The car was instrumental in their joint criminal enterprise that evening. They first used the car to transport them to the Valley to commit the theft at the 7-Eleven store. Then they used the car in the robbery, assault and attempted murder of Sandoval.

From the facts of appellant's close relationship to the driver, use of the vehicle for a common criminal mission, and stops along the way before abandoning it (during which appellant apparently made no effort to disassociate himself from his friend or the stolen vehicle) a reasonable juror could infer appellant, as the passenger, was in a position to exert control over the vehicle. This inference, in turn, would support a finding of constructive possession.

Accordingly, we conclude the record contains sufficient additional evidentiary factors suggesting dominion and control from which a reasonable juror could infer appellant had possession of the stolen vehicle sufficient to support the conviction for receiving stolen property. (*People* v. *Zyduck, supra*, 270 Cal.App.2d at p. 336; *People* v. *Barnes, supra*, 42 Cal.3d at pp. 303-304.)

III.-VIII.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.

---

*See footnote, *ante*, page 220.