**Luis Arnaldo CALZADILLAS, Petitioner—Appellant,**

v.

**Matthew MARTEL, Respondent—Appellee.**

No. 07–55685.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2009.*

Filed April 17, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Luis Arnaldo Calzadillas, Norco, CA, pro se.

Jan Burns Norman, Los Angeles, CA, for Petitioner–Appellant.

Stephanie Miyoshi, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Luis Arnaldo Calzadillas appeals from the district court's order denying habeas relief. Calzadillas was convicted of receipt of stolen property under California Penal Code section 496(a), based on stolen goods found in the back of an Escalade truck driven by Omar Peña, but owned by Calzadillas. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

**1.** We agree with the district court that the reasoning cited in the state court's decision entailed an unreasonable application of the Supreme Court's *Jackson* standard, *see Juan H. v. Allen*, 408 F.3d 1262, 1274–75 (9th Cir.2005), which dictates habeas relief when, "upon the record evidence adduced at the trial[,] no rational trier of fact could have found proof of guilt beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The state court inferred Calzadillas's guilt from ownership of the Escalade, and from lack of evidence that Peña was driving the Escalade without Calzadillas's permission. Ownership of the Escalade, however, is not sufficient to establish possession of stolen property because the required elements of "[d]ominion and control ... cannot be inferred from mere presence or access."

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*People v. Land,* 30 Cal.App.4th 220, 35 Cal.Rptr.2d 544, 548 (Ct.App.1994) (alteration in original) (internal quotation marks omitted). A lack of evidence that Peña's use of the Escalade was unauthorized also does not provide affirmative evidence beyond a reasonable doubt that Calzadillas and Peña were working together to commit a crime.

■ 2. We also agree, however, with the district court's de novo determination that other record evidence supports the conviction. As a co-owner of a trucking company and a police informant, Calzadillas knew how crimes of this type are committed; he contradicted himself regarding his involvement with the warehouse; and he admitted that the Starter clothing recovered from his house was stolen. "[D]raw[ing] reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict," *Walters v. Maass,* 45 F.3d 1355, 1358 (9th Cir.1995), we conclude that these circumstances are sufficient record evidence upon which a rational trier of fact could have found proof of guilt beyond a reasonable doubt.

**AFFIRMED.**

O'SCANNLAIN, Circuit Judge, specially concurring:

I concur in the disposition except for paragraph 1.