Filed 8/27/13  In re J.A. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>J.A.,<br><br>     Defendant and Appellant. | F065390<br><br>(Super. Ct. No. JJD065276)<br><br><br>**OPINION** |

---

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Tulare County.  Hugo J. Loza, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*     Before Gomes, Acting P.J., Kane, J. and Detjen, J.

The court adjudged appellant, J.A., a ward of the court (Welf. & Inst. Code, § 602) after it sustained allegations charging him with receiving stolen property (Pen. Code, § 496d, subd. (a))[1] and resisting arrest (§ 148, subd. (a)(1)). On appeal, appellant contends the evidence is insufficient to sustain the court's true findings as to each of these offenses. We affirm.

## FACTS

At 10:00 p.m., on May 28, 2012, Daniel Ramos parked his Ford Thunderbird at his house in Porterville and left the key under a seat. At 4:00 a.m., the following morning, Ramos discovered the car missing.

On May 29, 2012, at approximately 4:00 p.m., California Highway Patrol Officers Kenneth McCord and Jose Benitez were in an unmarked patrol car when they located the Thunderbird in an apartment complex parking lot in east Porterville. The officers then began surveillance of the car from several hundred feet away.

Shortly before 6:00 p.m., appellant and two other Hispanic males got into the Thunderbird, with appellant sitting in the front passenger seat. The officers then drove into the parking lot to stop the Thunderbird, which by that time had backed up and was ready to drive away. Officer McCord activated his patrol car's emergency lights. The driver of the Thunderbird attempted to drive around the patrol car but Officer McCord was able to block his path. Both officers exited the patrol car with their badges and weapons at their sides, yelling, "Police officer, stop." Initially, appellant and the other males in the Thunderbird complied with the officers' commands not to move and to hold their hands up. However, the driver then put the Thunderbird in reverse and revved up the motor, which caused the vehicle to crash through an apartment wall into the apartment's living room.

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

2

Officer McCord approached the passenger side window of the Thunderbird with his weapon drawn, continued to identify himself as a police officer, and told appellant several times to keep his hands up and not to move. Appellant initially kept his hands up but he lowered them when Officer McCord looked toward the apartment. Appellant then opened the passenger door quickly, swiveled around, and lunged directly at Officer McCord. Officer McCord attempted to kick appellant in his "body mass" but kicked him in the face instead.

Appellant and the two other males were arrested and taken to the hospital to get medically cleared. While waiting in the emergency room, appellant spontaneously told Officer McCord that he did not care about the stolen vehicle charge because he was a juvenile and knew he would only receive a couple of months in boot camp.

Officer Benitez testified that the Thunderbird was located a half-mile to three quarters of a mile from where it was stolen and that appellant lived a half-mile from the location of the theft. Neither appellant nor his cohorts lived at the apartment complex where the Thunderbird was found.

## DISCUSSION

*The Receiving Stolen Property Offense*

Appellant contends the evidence is insufficient to sustain the court's true finding that he received stolen property because it failed to establish he had knowledge the Thunderbird was stolen; or that he exercised dominion and control over the vehicle. We disagree.

> "[T]o sustain a conviction for receiving stolen property, the prosecution must prove (1) the property was stolen; (2) the defendant knew the property was stolen; and, (3) the defendant had possession of the stolen property. [Citations.]
>
> "Possession of the stolen property may be actual or constructive and need not be exclusive. [Citations.] Physical possession is also not a requirement. It is sufficient if the defendant acquires a measure of control or dominion over the stolen property." (*People v. Land* (1994) 30 Cal. App.4th 220, 223-224, fn. omitted (*Land*).)

3

Something more than mere presence or access to a stolen car is required to establish possession of a stolen car. "'[D]ominion and control are essentials of possession, and they cannot be inferred from mere presence or access. Something more must be shown to support inferring of these elements. Of course, the necessary additional circumstances may, in some fact contexts, be rather slight. [Citations.] It is clear, however, that some additional fact is essential.' [Citation.]" (*Land, supra,* 30 Cal.App.4th at p. 225.)

"'The credence and ultimate weight to be given the evidence of the various particular circumstances are of course for the trier of fact, and "[i]t is the trier of fact, not the appellate court, that must be convinced of a defendant's guilt beyond a reasonable doubt."' [Citation.]" (*Land*, *supra*, 30 Cal.App.4th at p. 228.)

An inference of possession may be made from a passenger's presence in a stolen vehicle coupled with other circumstances such as the passenger's knowledge that the vehicle was stolen, presence in the car soon after it was stolen, friendship with the driver, flight from police when the car is stopped, beneficial use of the car, and a domicile close to the place of theft. (*Land*, *supra*, 30 Cal.App.4th at p. 227.)

Here, the court could reasonably infer from appellant's statement that he did not care about a stolen vehicle charge that appellant was aware the Thunderbird was stolen. Further, appellant and his confederates did not live at the apartment complex where the Thunderbird was found, they were at the complex for approximately two hours and upon leaving, appellant sat in the front seat of the Thunderbird. The court could reasonably infer from these circumstances that appellant was friends with the driver, that he rode in the Thunderbird to the apartment complex, and that he was leaving in the Thunderbird before the police stopped it. Additionally, appellant lived about half a mile from the location of the theft, he was in the stolen car less than 24 hours after the theft, and he attempted to flee from the police after the car crashed. Thus, the record contains ample

evidence beyond appellant's mere presence in the stolen Thunderbird which supports an inference that appellant was in constructive possession of the Thunderbird.

Appellant contends that his case is similar to *In re Anthony J.* (2004) 117 Cal.App.4th 718 (*Anthony J.*), a case in which a passenger in a stolen vehicle was found not to be in possession of the vehicle. In *Anthony J.*, a witness saw a stolen BMW park in the parking lot of a fitness center at 9:00 a.m. and four young men, including the appellant, exit the vehicle. The witness saw one of the young men look back toward the BMW and then all four of them run away toward the back entrance of the parking lot. The witness then saw a police car driving through the parking lot. After the witness contacted the officers in the police car, they contacted four young men at a bus stop and detained them for being truant. The keys to the BMW were found five to ten feet from the bus stop. The witness was brought to the scene and identified one of the young men as the driver of the BMW but was unable to identify any of the others including the appellant. The BMW, with the engine running, had been stolen out of a driveway three days earlier at 6:00 a.m. (*Id.* at p. 722.)

In finding that the court erred in denying the appellant's motion to dismiss at the end of the prosecution case, the *Anthony J.* court stated:

> "The facts as they existed at the close of the People's case did not comport with those in *Land,* and *the People's case at most demonstrated mere presence by Anthony J. in the stolen vehicle*. The only evidence presented at that time was that four young men got out of a car, they ran as a patrol car drove nearby, a set of keys was found near them when they were detained, and the driver of the vehicle was identified by a witness, but Anthony J. was not. There were no facts showing that Anthony J. and the driver were friends, that they had engaged in criminal activity together in the past, that he was a passenger shortly after the vehicle was stolen, or that Anthony J. and the driver jointly used the vehicle to commit crimes. Thus, the People's evidence did not demonstrate beyond a reasonable doubt that Anthony J. had possession of the vehicle, either actual or constructive." (*Anthony J.*, *supra*, 117 Cal. App. 4th at p. 729, italics added.)

*Anthony J.* is inapposite because of the circumstances discussed above from which the court could reasonably conclude that appellant was in constructive possession of the

5

stolen Thunderbird including: 1) appellant's presence in the Thunderbird within 24 hours of when it was stolen; 2) his awareness that the Thunderbird was stolen; 3) appellant's friendship with the driver; and 4) the consciousness of guilt he exhibited when he attempted to flee from Officer McCord. Accordingly, we conclude the evidence supports the court's finding that appellant received the stolen Thunderbird.

***The Resisting Arrest Offense***

"Every person who willfully resists, delays, or obstructs any ... peace officer ... in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed ..." is guilty of a misdemeanor. (§148, subd. (a)(1).)

> "'The legal elements of a violation of section 148, subdivision (a) are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties. [Citations.]' (*People v. Simons* (1996) 42 Cal.App.4th 1100, 1108-1109 ....) The offense is a general intent crime, proscribing only the particular act (resist, delay, obstruct) without reference to an intent to do a further act or achieve a future consequence." (*In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1329.)

Here, after the Thunderbird crashed into the apartment, appellant willfully delayed Officer McCord in the performance of his duties when he failed to obey the officer's orders to keep his hands up and not move and when he attempted to flee, which required the officer to kick appellant in order to prevent him from exiting the car.

Appellant contends he did not willfully fail to comply with the officer's orders because he was "likely dazed and in shock" as a result of the Thunderbird crashing into the apartment. He further contends his conduct at most amounts to a failure to act with alacrity, which did not rise to the level of violating section 148. We disagree.

Appellant's claim that he did not obey the officer's commands because he was dazed and in shock is pure speculation because the record does not contain any evidence that appellant suffered any injuries in the crash that affected his mental functioning.

6

Accordingly, we also reject appellant's contention that the evidence is insufficient to support the court finding that he violated section 148.

## **DISPOSITION**

The judgment is affirmed.