Filed 12/17/14  P. v. Sais CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JORGE ARTURO SAIS,<br><br>    Defendant and Appellant. | D064683<br><br><br><br>(Super. Ct. No. SCE329197) |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Reversed.


Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, Marvin E. Mizell and Junichi Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted Jorge Arturo Sais of one count of receiving a stolen vehicle (Pen. Code, § 496d).[1] Sais additionally admitted having five prior prison commitment convictions (Pen. Code, § 667.5). The court imposed an aggregate sentence of seven years, with two years to be served in county jail and five years to be served on probation.

Sais appeals, contending there was insufficient evidence to support his conviction. We agree and reverse the judgment.

## BACKGROUND

Marcus Summa owned a Saturn. The car had minor scratches on the body, the seats were old, and there was some damage to the roof. It did not have a stereo. The car was stolen while it was parked in front of Summa's mechanic's home awaiting minor repairs.

A deputy sheriff located the car approximately a month after it was stolen. The outside of the car was dusty and the door was unlocked. Inside, the door cover was damaged, the driver's seat was ripped, and the fabric on the ceiling was torn completely off. A flashlight, the spare tire, and a small container used to hold keys or a cell phone were missing. There was a cigarette butt in the center tray and there were ashes scattered throughout the center console area where the gearshift was located. There was a hole in the ignition and the vehicle could only be started using a screwdriver. Although the vehicle was operational, the engine made an awful sound and had to be replaced.

---

[1] The jury could not reach a verdict on a second count of the same offense. The court dismissed the charge at the People's request.

Sais lived two and a half to three miles from where the deputy found Summa's vehicle. Sais's DNA matched the DNA of the major contributor to a DNA mixture found on the cigarette in the vehicle. Sais did not have Summa's permission to possess the vehicle.

DISCUSSION

A conviction for receiving stolen property requires the People to prove: (1) the property was stolen; (2) the defendant knew the property was stolen; and (3) the defendant had possession of the property. (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 728 (*Anthony J.*); *People v. Land* (1994) 30 Cal.App.4th 220, 223 (*Land*).) Sais does not dispute the sufficiency of the evidence to support the first and second elements. Rather, he contends there is insufficient evidence to support the third element.

In evaluating this contention, " 'we review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] "Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination

3

depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]" [Citation.] A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict.' " (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

The possession required for a receiving stolen property conviction may be actual or constructive, and need not be exclusive. The key question is whether the defendant acquired a measure of dominion or control over the stolen property. (*Anthony J.*, *supra*, 117 Cal.App.4th at p. 728; *Land*, *supra*, 30 Cal.App.4th at pp. 223-224.) Dominion and control " ' "cannot be inferred from mere presence or access. Something more must be shown to support inferring these elements. Of course, the necessary additional circumstances may, in some fact contexts, be rather slight. [Citations.] It is clear, however, that some additional fact is essential." ' " (*Anthony J.*, at p. 728; *Land*, at p. 225.)

Here, the only evidence connecting Sais to the stolen car was his DNA found on a cigarette butt in the car and his residence within a few miles of where the vehicle was recovered. While this evidence may be sufficient to infer he was present in or had access to the stolen car, this evidence is not by itself sufficient to infer he exercised dominion and control over the stolen car. (See *People v. Myles* (1975) 50 Cal.App.3d 423, 429 [evidence defendant was a passenger in a car and was found standing close to the trunk, which contained stolen goods, insufficient to infer possession of the stolen property ]; *People v. Zyduck* (1969) 270 Cal.App.2d 334, 336 [evidence defendant was a passenger

4

in a car with a stolen chainsaw in the back seat insufficient to infer possession of the stolen property].)  Accordingly, we conclude there is insufficient evidence to support his conviction for receiving a stolen vehicle.

DISPOSITION

The judgment is reversed.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.

5