Filed 8/24/15  In re D.P. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re D.P., a Person Coming Under the Juvenile Court Law. | C078291 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>D.P.,<br><br>Defendant and Appellant. | (Super. Ct. No. JV131089) |

D.P., a 17-year-old minor, appeals from the juvenile court's order sustaining a Welfare and Institutions Code section 602 petition alleging that he possessed a concealable firearm.  (Pen. Code, § 29610.)  Minor claims the People did not present substantial evidence to support the finding that he possessed the concealable firearm that

1

was found in a car in which the minor was a passenger. We disagree and affirm the juvenile court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In the late afternoon on October 27, 2014, California Highway Patrol Officer Frank Archuleta and his partner were on assignment in an unmarked white van when they saw a black Honda Accord, occupied by three people, make an unsafe lane change. Officer Archuleta and his partner activated their lights and sirens and moved behind the Honda. The Honda did not immediately stop and the officers began pursuit.

During the pursuit, Officer Archuleta saw the occupants of the Honda turning back to look at the officers, then "going towards the right of the car and down." Officer Archuleta told his partner, who was driving the van, "they're either hiding drugs or a gun," though he could not see inside the car.

After a mile, the Honda stopped. The right front passenger door quickly opened and the right front passenger (later identified as minor) set his foot out, attempting to get out of the car. The officers immediately approached the Honda, kept the occupants inside the car, and told them to put their hands up. Their hands remained in the air, "touching the roof," until the officers had everyone out of the car and handcuffed.

Additional law enforcement quickly arrived, including Detective Michael Rogers of the Sacramento Sheriff's Department gang unit. Officer Archuleta told Detective Rogers that he intended to arrest the driver and tow the car. Accordingly, Detective Rogers searched the car. On the front passenger seat, Detective Rogers found a loaded revolver wrapped in a black sweater. He found another handgun on the floorboard of the right rear passenger seat, and a "wadded up" newspaper containing live ammunition in the seat pocket behind the front right passenger seat.

Minor (who was already a ward of the court) was detained, and the People later filed a Welfare and Institutions Code section 602, subdivision (a), juvenile wardship petition alleging several offenses including possessing a concealable firearm. Following

2

a contested jurisdictional hearing, the juvenile court sustained the concealable firearm allegation:

"[I]t is sufficient for petitioner to demonstrate that a weapon, this case a pistol or revolver, is in the constructive possession of the minor.

"And the Court does find that given the proximity of one or both weapons that were around or on or under the same seat that the minor was observed in, that is, the right passenger seat of the black Honda, that petitioner has satisfied their burden as to Count Two.

"And the Court finds beyond a reasonable doubt that Count Two is true and sustains Count Two."

At disposition, the juvenile court terminated minor's dependency status, finding delinquency would "best serve the interests of the [minor] and the protection of society," and committed the minor to juvenile hall for 90 days. The minor appeals.

## DISCUSSION

Minor contends the People did not present substantial evidence to support his conviction for possessing a concealable firearm. Specifically, he contends there was insufficient evidence to prove he had the right to control the gun found on the front passenger seat. We disagree.

We review the whole record in the light most favorable to the juvenile court's finding to determine if it discloses substantial evidence such that a reasonable trier of fact could find beyond a reasonable doubt the minor committed the alleged offenses. (*In re Jose R.* (1982) 137 Cal.App.3d 269, 275.) We presume the existence of every fact the judge could reasonably deduce from the evidence and indulge in all reasonable inferences in support of the finding. (*Ibid*.)

The juvenile court sustained the allegation that minor possessed a concealable firearm based on the doctrine of constructive possession. "To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to

3

control the prohibited item, either directly or through another person.  (*People v. Pena* (1999) 74 Cal.App.4th 1078, 1083-1084; *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [defendant need not physically have the weapon on his person; constructive possession established where a person knowingly exercised dominion and control over an item].)  Possession may be shared with others.  (*People v. Neese* (1969) 272 Cal.App.2d 235, 245.)  But mere proximity to the weapon, standing alone, is not sufficient evidence of possession.  (*People v. Land* (1994) 30 Cal.App.4th 220, 223-224.)"  (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417.)

Here, the gun was not found under someone else's seat.  (See *People v. Sifuentes, supra*, 195 Cal.App.4th at p. 1414 [gun found in a hotel room under a mattress that was not the defendant's].)  It was found in the same seat in which the minor was sitting, until the moment he was detained.  The gun was wrapped in a bulky sweater, but during the officers' pursuit of the black Honda, Officer Archuleta watched the car's occupants "going towards the right of the car and down."  Based on that evidence, it was reasonable for the juvenile court to infer the car's occupants were actually hiding the contraband during the pursuit, including wrapping the gun in someone's sweater and putting it under or behind the minor, while he remained in the passenger seat.

Based on the totality of this evidence, it was reasonable for the juvenile court to infer the minor was not merely an innocent passenger in the Honda; but rather, knew about the gun and was an active participant in trying to hide the gun from the officers.  In other words, the minor had access to and control over the gun.  We thus conclude the People presented sufficient evidence to sustain the allegation.

4

## DISPOSITION

    The orders of the juvenile court are affirmed.


                             RENNER              , J.


We concur:


 NICHOLSON        , Acting P. J.


 MAURO            , J.