Filed 3/30/21      In re E.M. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re E.M., a Person Coming Under the Juvenile Court Law. | H047860 (Monterey County Super. Ct. No. 19JV000918) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>E.M.,<br><br>        Defendant and Appellant. | |

The victim reported two bicycles had been stolen from his property, and following a police investigation, the Monterey County District Attorney filed a Welfare and Institutions Code section 602[1] petition alleging that E.M. (the minor) committed petty theft and possessed stolen property.  After a contested jurisdictional hearing, the juvenile court found true only the allegation that the minor possessed stolen property.  The juvenile court declared the minor a ward of the court and remanded him to the custody of his father, subject to various probation conditions.

On appeal, the minor argues that:  (1) trial counsel was ineffective for failing to object to certain probation conditions as unreasonable under *People v. Lent* (1975) 15 Cal.3d 481; and (2) the juvenile court erred in imposing specific probation conditions as: (a) overbroad; (b) unlawful delegations of judicial authority; or (c) vague.

[1] Unspecified statutory references are to the Welfare and Institutions Code.

In a supplemental opening brief, the minor contends the evidence presented at the jurisdictional hearing was insufficient to support the adjudication that he possessed stolen property. The Attorney General concedes that the evidence was insufficient to support the juvenile court's finding on this allegation, and we agree with the concession. As a result, we need not reach the minor's claim that his counsel was ineffective or the challenges to the validity of the probation conditions.

We will reverse the jurisdictional findings and dispositional order and remand the matter for the juvenile court to enter a new jurisdictional order finding not true the allegations of the section 602 petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Background

In October 2019, the Monterey County District Attorney filed a section 602 petition, alleging that the minor committed misdemeanor petty theft (Pen. Code, § 484, subd. (a); count 1) and misdemeanor receiving stolen property with a value not exceeding $950 (Pen. Code, § 496, subd. (a); count 2). Following a contested jurisdictional hearing, the juvenile court found that the minor received stolen property (count 2) but found not true the allegation that the minor committed petty theft (count 1).

At the January 2020 dispositional hearing, the juvenile court declared the minor a ward of the court, ordered that he remain in the custody of his father, and imposed various terms and conditions of probation.

The minor timely appealed.

### B. Facts of the Charged Offenses

The victim testified that, in early July 2019, he noticed that two children's bicycles were missing from his property. Either he, or a member of his family, learned through social media that the bicycles were at a nearby apartment complex. The victim went to the complex and spoke to a woman, explaining to her about the missing bicycles.

2

The woman called her minor son, D.A., who led them to a "yard area" where the victim recovered one of the bicycles. Some parts of the bicycle had been removed, and one of the tires was flat.

D.A. testified that, about 30 days before the victim came to retrieve the bicycle, D.A. was at a park when he saw the minor riding the bicycle. The minor asked D.A. if he could "take care" of the bicycle for him, and D.A. agreed to do so. The minor told D.A. the bicycle belonged to him but did not say where he got it from. The minor did not have any other bicycles with him in the park and there was nothing wrong with the bicycle when D.A. took it home. D.A. left it behind his house and never rode it. D.A. was thinking about giving it back to the minor but had no way to contact him. D.A. admitted that he would see the minor at summer school and could have talked to him there but never did so.

King City Police Officer Juan Rodriguez testified that while investigating the victim's report of stolen bicycles, he identified the minor as a suspect. When he spoke to the minor, the minor denied stealing the bicycles. Rodriguez asked him if he had "heard about some stolen bicycle[s]" and the minor said that he had.

## II. DISCUSSION

### A. Sufficiency of the Evidence

The minor argues the prosecution failed to present sufficient evidence to establish that he possessed the bicycle with the knowledge that it was stolen. The Attorney General concedes the issue, and we agree the concession is appropriate.

### 1. Applicable Legal Principles

" 'To determine the sufficiency of the evidence to support a conviction, an appellate court reviews the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable

3

doubt.' " (*People v. Wallace* (2008) 44 Cal.4th 1032, 1077, quoting *People v. Kipp* (2001) 26 Cal.4th 1100, 1128.) " ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment." ' " (*People v. Bean* (1988) 46 Cal.3d 919, 933, quoting *People v. Hillery* (1965) 62 Cal.2d 692, 702.) "The standard of review is the same when the prosecution relies mainly on circumstantial evidence." (*People v. Valdez* (2004) 32 Cal.4th 73, 104.)

"[T]o sustain a conviction for receiving stolen property, the prosecution must prove (1) the property was stolen; (2) the defendant knew the property was stolen; and, (3) the defendant had possession of the stolen property." (*People v. Land* (1994) 30 Cal.App.4th 220, 223.)

### 2. *Insufficient Evidence the Minor Knew the Property Was Stolen*

In this case, there was no direct evidence presented to establish that the minor knew the bicycle was stolen at any point in time before he gave the bicycle to D.A. D.A. did not testify to any statements made by the minor which would indicate that the minor had such knowledge; in fact, according to D.A., the minor said that he owned the bicycle. Rodriguez testified about his conversation with the minor in which the minor: (1) denied stealing the bicycles; and (2) admitted that he "heard about some stolen bicycle[s]." However, there was no testimony or evidence proffered to show how or when the minor had "heard about stolen bicycle[s]," or that the minor had heard about the victim's stolen bicycles specifically, as opposed to some other stolen bicycles. In short, none of the testimony supported an inference that the minor knew—at any time that he possessed it— that the bicycle he gave to D.A. had been stolen.

### B. *Ineffective Assistance of Counsel and Probation Conditions*

Because we conclude that there was insufficient evidence to support the adjudication that the minor possessed stolen property, the juvenile court has no basis to

exercise jurisdiction over the minor. As a result, we need not and do not reach his claims of ineffective assistance of counsel or his challenges to some of the probation conditions imposed in the dispositional order.

### III. DISPOSITION

The jurisdictional findings and dispositional order are reversed. The matter is remanded to the juvenile court with directions to enter a new jurisdictional order finding not true the allegations as to both counts 1 and 2 and dismissing the Welfare and Institutions Code section 602 petition.

5

_____
Greenwood, P.J.

WE CONCUR:


_____
Grover, J.


_____
Danner, J.


People v. E.M.
No. H047860

6