Filed 2/28/14  P. v. Colcleaser CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY COLCLEASER,<br><br>Defendant and Appellant. | A138716<br><br>(Solano County<br>Super. Ct. No. VCR216683) |

A jury convicted defendant Johnny Colcleaser of a felony count of receiving a stolen vehicle, a misdemeanor count of damaging or tampering with a vehicle, and a misdemeanor count of resisting, obstructing, or delaying a peace officer.[1]  On appeal, Colcleaser challenges only his conviction for receiving a stolen vehicle.  He argues that the conviction must be reversed because there was insufficient evidence to sustain it and the jury was given an improper instruction on the elements of the crime.  We disagree and affirm.

---

[1] Colcleaser was convicted under Penal Code sections 496d, subdivision (a) (receiving a stolen vehicle) and 148, subdivision (a)(1) (resisting, obstructing, or delaying a peace officer), and Vehicle Code section 10852 (damaging or tampering with a vehicle).  All further statutory references are to the Penal Code.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

In late December 2012, the owner of a car, a black Saturn, left it running in front of his home in American Canyon while he briefly went inside. When he returned to the car, it was gone, and he promptly reported it stolen.

Four days later, Vallejo police officer Jeff Coburn drove by 1703 Alabama Street in Vallejo. He had "been to that house on numerous occasions for anything [from] squatters, to drug use, to drug sales, to stolen property," had "made multiple arrests" at the location, and knew that squatters were living there at the time. He noticed a black Saturn with no rear license plate parked in the driveway. The driver's-side door was open, and Colcleaser was sitting in the driver's seat using a screwdriver to remove a speaker panel from inside the door. Officer Coburn parked his car and started to walk towards Colcleaser. Colcleaser began walking toward the house when he saw Officer Coburn. Officer Coburn yelled, "Hey," and Colcleaser fled. Although Officer Coburn did not see where Colcleaser went, a witness in the backyard of the house next door saw "a man c[o]me flying across the fence," "land[] in a brush pile," and exit the yard.

Within minutes, another Vallejo police officer saw Colcleaser. Colcleaser had "fresh scratches" on his arms and hands and debris on his shoes, characteristics that were consistent with his escape route. Both Officer Coburn and the witness from next door identified Colcleaser as the man they had seen near 1703 Alabama Street, and he was placed under arrest.

When he was arrested, Colcleaser had "blue mechanic-style . . . fabric work glove[s]" in his back pocket. Officer Coburn testified that "many people who are involved in theft—whether it be auto theft, residential burglaries, copper theft, everybody is so concerned about leaving prints or DNA and things like that, that many times they'll wear these mechanic-style gloves that you can buy at an auto part store . . . or Walmart . . . because they're cheap."

2

Officer Coburn quickly confirmed that the Saturn was stolen by running its front license plate. The car had a rear license plate when it was taken, and Officer Coburn testified that it is "[v]ery common for vehicle thieves to remove license plates, either the front or the back." In addition, Officer Coburn found a screwdriver in the Saturn after Colcleaser fled, and it did not belong to the car's owner. According to Officer Coburn, the screwdriver could be used "specifically with this make and model of vehicle . . . to damage the internal components of the ignition . . . to . . . start the vehicle." Colcleaser did not have the car's keys when he was arrested, and they were never located.

The jury found Colcleaser guilty of all three charges, and the trial court later found true the allegation that Colcleaser had four prior prison terms under section 667.5, subdivision (b). The court sentenced him to three years in county jail plus a consecutive suspended four-year term of probation. This timely appeal followed.

## II.
### DISCUSSION

A.  *Sufficient Evidence Supports Colcleaser's Conviction for Receiving a Stolen Vehicle.*

Colcleaser argues that there is insufficient evidence to support his conviction for receiving a stolen vehicle. To evaluate this claim, " 'we review the whole record to determine whether . . . [there is] substantial evidence to support the verdict . . . such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence.' " (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

The elements of the offense of receiving a stolen vehicle under section 496d are that "(1) the [vehicle] was stolen; (2) the defendant knew it was stolen; and (3) the defendant had possession of it." (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 728; § 496d, subd. (a).) Although he concedes that the Saturn was stolen, Colcleaser argues

3

that there was insufficient evidence that he possessed it or knew it was stolen.  We therefore discuss both elements.

> 1. Substantial evidence establishes that Colcleaser actually possessed the vehicle.

The element of possession requires the defendant to have "either actual or constructive" "possession of the stolen property":  "physical possession is not required, as it is sufficient if the defendant acquires a measure of control or dominion over the stolen property."  (*In re Anthony J.*, *supra*, 117 Cal.App.4th at p. 728.)  However, "mere presence near the stolen property in and of itself is insufficient evidence of possession."  (*Ibid.*)

Colcleaser argues that "[t]he essence of dominion and control of an automobile is the ability to access its mobility," and that there was no evidence that he had the keys, that he knew the screwdriver could be used to start the car, or that he had ever "started, drove, or [been] a passenger in the vehicle."  This argument ignores the evidence establishing that he had *actual* possession of the vehicle:  that he was sitting in the driver's seat with the door open, working to remove the stereo components, with no one else present.  His exclusive physical control over the Saturn distinguishes this case from the two cases upon which he relies, both of which considered whether a passenger in a vehicle driven by someone else nevertheless had constructive possession of it.  (See *In re Anthony J.*, *supra*, 117 Cal.App.4th at p. 728; *People v. Land* (1994) 30 Cal.App.4th 220, 224-225.)  Colcleaser does not identify any authority establishing that the element of possession requires proof that the defendant had driven or could drive the vehicle, and we are aware of none.  (See *Land*, at pp. 223-224, fn. 2 ["operation of the vehicle is not the sine qua non of possession of a stolen vehicle"].)  We conclude that there was substantial evidence that he possessed the Saturn.

> 2. Substantial evidence establishes that Colcleaser knew the vehicle was stolen.

"Knowledge that property was stolen can seldom be proved by direct evidence and resort must often be made to circumstantial evidence."  (*People v. Vann* (1974) 12 Cal.3d

4

220, 224.) " '[P]roof of knowing possession by a defendant of recently stolen property raises a strong inference of . . . the defendant's knowledge of the tainted nature of the property.' " (*People v. Reyes* (1997) 52 Cal.App.4th 975, 985.) Although such possession "alone is insufficient to permit the inference [a] defendant knew the property was stolen, . . . 'only "slight" additional corroborating evidence need be adduced' " to sustain a guilty verdict, such as " 'the attributes of the possession' " (*id.* at pp. 984-985) or " 'statements or conduct of the defendant tending to show his guilt.' " (*Vann*, at p. 224.)

Colcleaser argues that neither evidence of his flight nor the history of criminal activity at 1703 Alabama Street permitted an inference that he knew the vehicle was stolen, and he contends that the evidence establishes no more than that he was "an opportunistic passer[]by who saw an opportunity to steal stereo components." Even if we disregard evidence of his flight and the history of criminal activity at 1703 Alabama Street, however, we conclude that there was substantial other evidence permitting an inference that he knew the Saturn was stolen. Most importantly, he was in possession of property stolen only four days earlier. (See *People v. Reyes*, *supra*, 52 Cal.App.4th at p. 985; see also *People v. Anderson* (1989) 210 Cal.App.3d 414, 421-422 [property may be considered " 'recently stolen' " even if months pass between theft and possession].) The car was missing a license plate, which Officer Coburn testified was a common characteristic of stolen vehicles. In addition, Officer Coburn testified that the screwdriver found in the car and the gloves found in Colcleaser's pocket were both items commonly used in auto thefts. (See *People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1577 ["evidence that tools commonly used by vehicle thieves" found in stolen vehicle supported inference of intent to steal vehicle].) The jury could have reasonably inferred based on these facts that Colcleaser knew that the Saturn was stolen because he was the one who stole it.

B.     *Any Error in the Jury Instruction on Receiving a Stolen Vehicle Was Harmless Beyond a Reasonable Doubt.*

Colcleaser argues that the jury instruction on the crime of receiving a stolen vehicle violated due process because it "failed to specify [the element] that . . . the

5

property in question must be a vehicle." We conclude that any such instructional error was harmless.

The court instructed the jury with CALCRIM No. 1750 as follows: "The defendant is charged in Count [One] with receiving stolen property in violation of Penal Code [s]ection 496d . . . . [¶] To prove the defendant guilty of this crime, the People must prove that: [¶] One, the defendant received, concealed[,] or withheld from its owner property that had been stolen; [¶] And, two, when the defendant received, concealed, or withheld the property, he knew that the property had been stolen. [¶] Property was stolen if it was obtained by any type of theft or by burglary or robbery. [¶] To receive stolen property means to take possession and control of it. A person does not have to actually hold or touch something to possess it. Mere presence near or access to the property is not enough."

Colcleaser did not object to the instruction below, and the Attorney General contends that he therefore waived the issue. The failure to object to a jury instruction at trial, however, does not forfeit any claim that "the substantial rights of the defendant were affected thereby." (§ 1259; *People v. Smithey* (1999) 20 Cal.4th 936, 976, fn. 7.) Although she recognizes this principle, the Attorney General argues that the instruction "addressed each of the[] elements" the People had to prove and that Colcleaser's challenge is therefore to the completeness of the instruction, not to its correctness. But Colcleaser's argument is that the instruction *did* eliminate a required element—that the property in question be a vehicle—and thus violated his due process rights. As a result, his claim "is not of the type that must be preserved by objection." (*Smithey*, at p. 976, fn. 7.)

But even if we assume that the instruction should have specified that the stolen property was a vehicle, we conclude the error does not require reversal. "[A]n erroneous instruction that omits an element of an offense is subject to harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18," a "test [which] probes 'whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." [Citations.]' " (*People v. Gonzalez* (2012) 54 Cal.4th 643, 663.)

6

"[I]nstructional error is harmless 'where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence.' " (*People v. Mil* (2012) 53 Cal.4th 400, 417.)

That the Saturn was a vehicle was not contested at trial, and Colcleaser does not claim otherwise. Instead, he argues that the jury could have found him guilty based on the mistaken belief that the stereo components satisfied the "stolen property" element. Throughout the trial, however, the jury was notified repeatedly that the stolen property at issue was the car. Before reading CALCRIM 1750, the trial court instructed the jury that "receiving stolen property, a motor vehicle, as charged in Count 1" "requires a specific intent." Both parties' closing arguments referred several times to the need to prove that Colcleaser knew the Saturn was stolen and that he possessed it. On the verdict form returned by the jury, the crime was described as "RECEIVING STOLEN PROPERTY, MOTOR VEHICLE." Based on this record, we are satisfied that the jury would have returned the same verdict even if the instruction given had been modified to provide that the stolen property had to be a vehicle.

## III.
### DISPOSITION

The judgment is affirmed.

_____
Humes, J.


We concur:


_____
Ruvolo, P. J.


_____
Rivera, J.

7