189 Cal.App.4th 466 (2010)
117 Cal. Rptr. 3d 192
In re E.R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
E.R., Defendant and Appellant.
No. A124706.
Court of Appeals of California, First District, Division Three.
October 21, 2010.
*467 Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.
Lisa M. Romo, under appointment by the Court of Appeal, for Defendant and Appellant.

CERTIFIED FOR PARTIAL PUBLICATION[*]

OPINION
POLLAK, J.
This is one of four appeals now before us arising from a single trial in which wardship and commitments to the Division of Juvenile Justice (DJJ) have been imposed on four minors for their roles in a gang-related shooting in which one innocent youth was killed and another wounded.
*468 On March 16, 2007, Antwanisha Morgan, Thomas J.,[1] Antoine S., Chante P., and other young people were talking outside a recreation center in the Bayview District of San Francisco. About a month earlier, some of these youths (not identified as members of any gang) had chased members of the G-3 criminal street gang away from a talent show at the recreation center where the gang members had started a disturbance. On March 16, three members of the G-3 gang, T.Tr., E.R., and D.B., returned to the center and two of the three shot at the group of youths that were congregated there, killing Antwanisha and wounding Thomas J. Immediately after the shooting, all three drove off in a waiting car driven by Kamisha Gray and occupied by two other gang members, T.Tu. and another youth. An expert on criminal street gangs testified that he believed each of the four accused minors was a member of the G-3 gang, and that the shooting was in retaliation for the prior incident at the talent show and an attempt to rehabilitate the reputation of the gang by instilling fear in the community.
The juvenile court found that E.R. committed conspiracy, first degree murder, two counts of attempted murder, and assault with a deadly weapon. The court found true allegations that E.R. personally used a firearm in the commission of these offenses. The court also found that he committed the crimes for the benefit of or in association with a criminal street gang. E.R. was committed to the DJJ for a maximum of two terms of 25 years to life for the conspiracy and the murder, and additional concurrent terms for the remaining offenses. A maximum term of 25 years to life was imposed but stayed for the gang enhancement.
E.R. contends that after the court found him guilty of second degree murder, the court improperly changed its "verdict"[2] on the murder charge from second degree to first degree, that the court improperly changed its finding on personal use of a firearm, that there was insufficient evidence to support the court's findings on the conspiracy, gang and assault allegations, and that the juvenile court erred in various ways in its dispositional order. In the published portion of this opinion, we conclude that the juvenile court erred when it changed its verdict on the murder charge. In the unpublished portions we conclude that the disposition order must be corrected in several respects, but find no merit to E.R.'s remaining contentions.

*469 BACKGROUND[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

1. Finding that the murder was first degree

At the conclusion of the jurisdiction hearing, the juvenile court announced its finding on the first count that E.R. had engaged in a conspiracy to commit murder, and on the second count that E.R. had committed "murder of the second degree." Citing People v. Cortez (1998) 18 Cal.4th 1223 [77 Cal.Rptr.2d 733, 960 P.2d 537] (Cortez), the prosecutor objected, arguing that having found true the allegation of conspiracy to commit murder, the murder necessarily was first degree. After further argument the court stated, "In that case, unless I hear otherwise from defense counsel, I will find all the murders as to count two for all these minors to be in the first degree."
In Cortez, the defendant and other members of a gang planned a driveby shooting that targeted members of a rival gang in retaliation for an earlier assault. During the shooting, one of the members of the defendant's gang, Corletto, was killed and the defendant was charged with the murder of his fellow gang member on the theory that the defendant's actions had provoked the return fire that resulted in Corletto's death. The defendant was also charged with conspiracy to commit murder on the theory that he and Corletto had conspired to murder rival gang members. (Cortez, supra, 18 Cal.4th at p. 1228.) The jury found the defendant guilty of the conspiracy but could not reach a verdict on the murder charge. On appeal the defendant argued that the trial court erred by not requiring the jury to determine the degree of the murder that was alleged as the target offense of the conspiracy count. The Supreme Court disagreed. It reasoned that "conspiracy is a specific intent crime requiring both an intent to agree or conspire and a further intent to commit the target crime or object of the conspiracy. [Citation.] Murder that is premeditated and deliberated is murder of the first degree. `"[P]remeditated" means "considered beforehand," and "deliberate" means "formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action." [Citation.] . . . [¶] Consequently, it logically follows that where two or more persons conspire to commit murderi.e., intend to agree or conspire, further intend to commit the target offense of murder, and perform one or more overt acts in furtherance of the planned murdereach has acted with a state of mind `functionally indistinguishable from the mental state of premeditating the *470 target offense of murder.' [Citation.] The mental state required for conviction of conspiracy to commit murder necessarily establishes premeditation and deliberation of the target offense of murderhence all murder conspiracies are conspiracies to commit first degree murder, so to speak." (Id. at p. 1232, italics omitted.) The court held that "all conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder, and that all murder conspiracies are punishable in the same manner as murder in the first degree . . . ." (Id. at pp. 1237-1238.)
E.R. contends that the juvenile court erred when it changed the verdict on the murder charge from second to first degree. He argues, "Although the high court in Cortez held that there is no crime in California law of conspiracy to commit second degree murder, the case does not speak to what a trier of fact must find when the killing which is the objective of the conspiracy is separately charged pursuant to Penal Code section 187." He argues that there is no inconsistency in concluding that a person both conspired to commit first degree murder and committed a murder that under the circumstances was second degree. We agree with this contention.
(1) Cortez is not dispositive here. The Supreme Court did not hold that a defendant may not be found guilty of conspiracy to commit murder and also of the substantive offense of murder in the second degree. While any conspiracy to commit murder is necessarily a conspiracy to commit murder in the first degree, as Cortez holds, a person can conspire to commit first degree murder but nonetheless commit a murder under circumstances that were not contemplated and which amount to no more than murder in the second degree. Indeed, it is possible for a person to conspire to commit a murder and no murder to occur.[6] Whether a murder that does occur was premeditated or was prompted by circumstances meeting the criteria of second degree murder is a question of fact, not one of law.
(2) We do not question that the evidence in this case would support a finding that E.R. committed murder in the first degree, particularly in view of the evidence and finding that the conspirators planned to commit a murder of one of the youths who was in front of the recreation center that night. Nevertheless, the juvenile court explicitly found that the murder was of the second degree. Even if that finding is inconsistent with the conspiracy finding, "as a general rule, inherently inconsistent verdicts are allowed to stand." (People v. Lewis (2001) 25 Cal.4th 610, 656 [106 Cal.Rptr.2d 629, 22 P.3d 392].) "[I]f an acquittal of one count is factually irreconcilable with a conviction on another, or if a not true finding of an enhancement allegation is *471 inconsistent with a conviction of the substantive offense, effect is given to both." (People v. Santamaria (1994) 8 Cal.4th 903, 911 [35 Cal.Rptr.2d 624, 884 P.2d 81].)
The juvenile court changed its finding on the murder count in response to the prosecutor's argument that the court was compelled by Cortez to do so. Since Cortez does not compel such a result, the finding on count 2 should be corrected to reflect the trial court's original finding of second degree murder.
2.-7.[*]
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION
The matter is remanded with directions to correct the finding on count 2 from murder in the first degree to murder in the second degree and to modify the dispositional order in conformity with this opinion. In all other respects the jurisdiction and disposition orders are affirmed.
McGuiness, P. J., and Siggins, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the Background and parts 2. through 7. of the Discussion.
[1] Because so many juveniles were involved in this case, for clarity we have used initials to identify those against whom wardship petitions were brought and the first names and last initials to identify those juveniles who were not parties to the proceedings. Individuals identified by their full names are not minors.
[2] The court prepared and filed forms entitled "Verdict" with respect to each of the four juveniles who were the subjects of the proceedings. These verdict forms contain the court's findings, and we shall therefore refer to the verdicts and the findings interchangeably.
[*] See footnote, ante, page 466.
[6] There is no crime of conspiracy to commit attempted murder. (People v. Iniguez (2002) 96 Cal.App.4th 75 [116 Cal.Rptr.2d 634].)
[*] See footnote, ante, page 466.