Filed 9/22/14  In re A.R. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | H039844 (Santa Clara County Super. Ct. No. 3-12-JV39616A) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>A.R.,<br><br>    Defendant and Appellant. | |

The juvenile court found true the allegations that A.R. (minor) received a stolen vehicle (Pen. Code, § 496d) [1] and provided a false name to a peace officer (§ 148.9). Following a dispositional hearing, minor was placed on probation.  On appeal, minor argues the court erred because there was insufficient evidence he possessed the stolen car. We reject this argument and affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

*The Wardship Petitions*

On October 23, 2012, the Santa Clara County District Attorney's office filed a juvenile wardship petition (the "A" petition) pursuant to Welfare and Institutions Code section 602 charging minor with a count of buying or receiving a stolen motor vehicle (§

---

[1] Further unspecified statutory references are to the Penal Code.

496d) and a count of disturbing the peace at school (§ 415.5, subd. (a)). The following month, the district attorney's office filed a second petition (the "B" petition) charging minor with a count of receiving a stolen motor vehicle (§ 496d). In January 2013, minor admitted the count of disturbing the peace at school (§ 415.5, subd. (a)) from the "A" petition and the count of receiving a stolen vehicle (§ 496d) from the "B" petition. The court declared him a ward of the court and he was placed on probation.

On February 14, 2013, the district attorney's office filed another petition (the "C" petition) charging minor with a count of residential burglary (§§ 459, 460, subd. (a)). Minor admitted the count of burglary and he was continued as a ward of the court and reinstated on probation.

On May 16, 2013, a fourth juvenile wardship petition was filed by the district attorney charging minor with vehicle theft (Veh. Code, § 10851, subd. (a); count 1), receiving a stolen vehicle (§ 496d; count 2) and providing a false name to a peace officer (§ 148.9; count 3).

*The Contested Jurisdictional Hearing*

A contested jurisdictional hearing was held on June 10, 2013. Edwin Joel Lopez Amaya (Lopez), the victim, testified on behalf of the People. Lopez asserted that on or around May 9, 2013, he discovered his car, a blue 1995 Honda Civic, was missing. Lopez had parked his car on the street outside his home at approximately 10:00 p.m. the night before and had not given anybody permission to drive it. Lopez did not recognize minor and had never given minor permission to drive his car. Lopez notified the police about his missing car.

Detective Ryan Langone, who was assigned to the Santa Clara Auto Regional Task Force, testified that around 4:20 p.m. on May 14, 2013, he saw a blue Honda with unlocked doors parked on a street corner. Langone conducted a vehicle inquiry with the Department of Motor Vehicles and learned the car had been reported stolen by the San

2

Jose Police Department. Langone and other officers conducted a surveillance of the car and noticed it changed locations at approximately 9:13 p.m. The car had been moved to an apartment complex on a different street and was parked in a parking stall in the complex's garage. Langone did not know who had moved the vehicle.

At 9:49 p.m., the car was moved to a second parking stall in the apartment complex's garage. Langone saw a "female adult," later identified as 14-year-old M.C., driving the car. Minor was sitting in the front passenger seat.

Officers conducted a vehicle stop and took both minors into custody. After a search of the vehicle, officers found a screwdriver on the floor. The car was running but there was no key in the ignition or anywhere else in the car.

Officer Langone asked minor for his name, and minor gave out a false name. Minor told officers he lived in the apartment complex where the car was found. Officers went to minor's residence and encountered his mother, who confirmed he resided in the apartment complex. That evening, minor's mother told officers she had seen her son drive the Honda. Later, she testified she had never seen minor drive the car and had only said that she had seen him drive the car because she wanted him to be punished. Minor's mother testified at trial that she had told an investigator the next day that she had lied to the officers about seeing her son drive the car. She also asserted she had told the probation officer that she had lied to the police officers.

Minor's mother said that when she arrived home at the apartment complex at approximately 9:45 p.m. the night of minor's arrest, she had seen the car moving with minor in the passenger seat.

*The Dispositional Order*

Following the hearing, the court found that the evidence did not prove the allegations in count 1 (vehicle theft in violation of Veh. Code, § 10851, subd. (a)) beyond a reasonable doubt but found the evidence was sufficient to prove the allegations in

3

counts 2 and 3 (receiving a stolen vehicle in violation of § 496d and providing a false name to a peace officer in violation of § 148.9). Minor was placed back on probation. He filed a timely notice of appeal over the dispositional order.

## DISCUSSION

On appeal, minor argues there was insufficient evidence he possessed the car; therefore, there was insufficient evidence that he received a stolen vehicle in violation of section 496d.

*Standard of Review*

The applicable standard of review is well-settled. In determining whether evidence is sufficient in a juvenile court proceeding, we are bound by the same principles as those governing the review of criminal convictions. (*In re Roderick P.* (1972) 7 Cal.3d 801, 809.) Those principles include the following: "In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we 'examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence--evidence that is reasonable, credible and of solid value--such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] The same standard of review applies to cases in which the prosecution relies primarily on circumstantial evidence." (*People v. Guerra* (2006) 37 Cal.4th 1067, 1129; see also *People v. Meza* (1995) 38 Cal.App.4th 1741, 1745.)

" ' "Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends." ' " (*People v. Lewis* (2001) 26 Cal.4th 334, 361.) A trier of fact can also rely on the testimony of a single witness "unless the testimony is physically

4

impossible[,] inherently improbable," or patently false. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) "As part of its task, the trier of fact may believe and accept as true only part of a witness's testimony and disregard the rest. On appeal, we must accept that part of the testimony which supports the judgment." (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 830.)

*Receiving a Stolen Vehicle*

Section 496d provides in pertinent part: "(a) Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle . . . shall be punished . . . ."

"To sustain a conviction for receiving stolen property, the prosecution must prove: (1) the property was stolen; (2) the defendant knew the property was stolen . . . ; and, (3) the defendant had possession of the stolen property." (*People v. Russell* (2006) 144 Cal.App.4th 1415, 1425; see also *People v. Land* (1994) 30 Cal.App.4th 220, 223 (*Land*).)

Minor does not dispute the sufficiency of the evidence as to the first two elements (the car was stolen and that he knew the car was stolen) of a section 496d violation. He only challenges the sufficiency of the evidence showing he had possession of the stolen car. "The requisite possession of the stolen property may be either actual or constructive, and need not be exclusive. In fact, physical possession is not required, as it is sufficient if the defendant acquires a measure of control or dominion over the stolen property. However, mere presence near the stolen property in and of itself is insufficient evidence of possession to sustain a conviction for receiving stolen property." (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 728 (*Anthony J.*).)

5

Minor cites to two leading cases discussing the sufficiency of the evidence in support of a conviction for receiving a stolen car, *Anthony J.* and *Land*. In *Anthony J.*, the appellate court determined that there was insufficient evidence to support the determination that Anthony J. had possession of a stolen vehicle. (*Anthony J.*, *supra*, 117 Cal.App.4th at p. 729.) "The only evidence presented at that time was that four young men got out of a car, they ran as a patrol car drove nearby, a set of keys was found near them when they were detained, and the driver of the vehicle was identified by a witness, but Anthony J. was not. There were no facts showing that Anthony J. and the driver were friends, that they had engaged in criminal activity together in the past, that he was a passenger shortly after the vehicle was stolen, or that Anthony J. and the driver jointly used the vehicle to commit crimes." (*Ibid.*)

The *Anthony J.* court distinguished its case from *Land*. In *Land*, the defendant was drinking with a friend in his backyard. (*Land*, *supra*, 30 Cal.App.4th at p. 222.) His friend left and returned with a car and suggested he and defendant visit a girlfriend. Once in the car, the friend told the defendant the car was stolen. (*Ibid.*) Shortly after, the friend said he wanted to rob somebody, and the friend stole food from a 7-Eleven store. (*Ibid.*) After leaving the 7-Eleven, they resumed driving in the stolen car, and the friend told defendant that he wanted to take another car. The friend deliberately hit the victim's car, took the victim's wallet, and shot him. (*Id.* at p. 223.) The friend and defendant took the victim's car. (*Ibid.*) Defendant was found guilty of receiving stolen property, which he challenged on appeal. He argued there was insufficient evidence he possessed or exerted dominion and control over the vehicle because all the evidence showed he was merely a passenger. (*Ibid.*)

The *Land* court concluded that "the fact a person is a passenger in a stolen vehicle will not necessarily preclude a conviction for receiving stolen property." (*Land*, *supra*, 30 Cal.App.4th at p. 228.) In that particular case, the defendant was friends with the

6

driver, "[t]hey drank together, did drugs together, and presumably knew each other well. [Defendant] knew the car was stolen. The car was stolen near [defendant's] residence and they drove in it within the hour of its theft. They used the vehicle for their own benefit and enjoyment. The car was instrumental in their joint criminal enterprise that evening. They first used the car to transport them . . . to commit the theft at the 7-Eleven store. Then they used the car in the robbery, assault and attempted murder of [the victim]. [¶] From the facts of [defendant's] close relationship to the driver, use of the vehicle for a common criminal mission, and stops along the way before abandoning it (during which [defendant] apparently made no effort to disassociate himself from his friend or the stolen vehicle) a reasonable juror could infer [defendant], as the passenger, was in a position to exert control over the vehicle. This inference, in turn, would support a finding of constructive possession." (*Ibid.*) The court thereafter concluded sufficient evidence suggested dominion and control, and affirmed the defendant's conviction. (*Ibid.*)

This case is distinguishable from both *Anthony J.* and *Land* on one distinct ground: the trial court had before it minor's mother's earlier statement to the police asserting she had seen minor drive the car, which adequately demonstrated minor had *actual*, not *constructive*, possession of the car. Minor's mother confirmed she made this statement at the dispositional hearing, although she asserted this statement was false. Minor points out that his mother had many valid reasons for lying to the police the day of the arrest. However, the trial court was entitled to disbelieve her testimony at the hearing and give credit to her prior statement to the police officers. (See *In re Daniel G.*, *supra*, 120 Cal.App.4th at p. 830.) Accordingly, unlike *Anthony J.*, there was sufficient evidence supporting the court's conclusion that minor exercised dominion and control over the stolen car, satisfying the element of possession for a violation of section 496d.

7

Minor insists that if we were to find sufficient evidence supports the court's finding that he violated section 496d based on mother's earlier statement, the verdict would be inconsistent because the court did not find the allegation charging him with a violation of Vehicle Code section 10851 true. Vehicle Code section 10851 states in pertinent part: "(a) Any person who *drives or takes* a vehicle not his or her own, without the consent of the owner thereof, and with the intent either to permanently or temporarily deprive the owner thereof of his or her title or possession . . . shall be punished . . . ." (Italics added.) Therefore, minor contends that the juvenile court must have impliedly disbelieved his mother's earlier statement that she had seen him drive the stolen car. Otherwise, he argues, the court should have found true the allegation that he violated Vehicle Code section 10851.

We disagree. On appeal, we must presume the judgment is correct. (*People v. Mays* (2007) 148 Cal.App.4th 13, 33.) And, as the reviewing court, we review the record in the light most favorable to the judgment to determine whether it is reasonable, credible, and is supported by sufficient evidence. (*People v. Davis* (1995) 10 Cal.4th 463, 509.) A defendant may be convicted for violating Vehicle Code section 10851 if a trier of facts concludes, beyond a reasonable doubt, he or she *took* or *drove* a vehicle without the consent of the owner to either permanently or temporarily deprive the owner of possession. When the trial court stated on the record that it was not proven beyond a reasonable doubt that minor violated Vehicle Code section 10851, it did not specify whether it concluded there was insufficient evidence minor violated the *taking* or the *driving* element of the offense.

Furthermore, as the People note, counts 1 (violation of Veh. Code, § 10851) and 2 (violation of § 496d) were charged in the alternative. Therefore the court could not have found minor guilty of both counts. A reasonable interpretation of the trial court's implied findings would be that the court found insufficient evidence that A.R. *took* the car under

8

Vehicle Code section 10851.  However, there was sufficient evidence that he *received* the stolen car under section 496d.[2]

Therefore, contrary to minor's claims, sufficient evidence supports the court's finding that minor violated section 496d.

**DISPOSITION**

The order is affirmed.

---

[2] Alternatively, "[a]s a general rule, inherently inconsistent verdicts are allowed to stand.  [Citations.]  For example, 'if an acquittal of one count is factually irreconcilable with a conviction on another, or if a not true finding of an enhancement allegation is inconsistent with a conviction of the substantive offense, effect is given to both.' " (*People v. Avila* (2006) 38 Cal.4th 491, 600; see also *In re E.R.* (2010) 189 Cal.App.4th 466, 470.)  Therefore, it can be argued that both of the juvenile court's findings should stand, regardless of any alleged inconsistencies, based on the inconsistent-verdict rule.

_____
Premo, Acting P.J.

WE CONCUR:

_____
Elia, J.

_____
Mihara, J.