Filed 4/23/25  P. v. Carter CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PIERRE DEMETRIUS CARTER,<br><br>Defendant and Appellant.</td><td>E082409<br><br>(Super.Ct.No. CR40178)<br><br>OPINION</td></tr>
</table>

APPEAL from the Superior Court of Riverside County.  Gary Polk, Judge.

Affirmed.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley,

Felicity Senoski and Michael D. Butera, Deputy Attorneys General, for Plaintiff and

Respondent.

1

I.

INTRODUCTION

Defendant and appellant Pierre Demetrius Carter appeals the trial court's order denying his second Penal Code[1] section 1172.6 (formerly section 1170.95) petition to recall his first degree murder (§ 187, subd. (a)) and conspiracy to commit murder (§§ 182, 187) convictions and for resentencing. On appeal, defendant contends the trial court erred in denying his petition at the prima facie stage because (1) the prior decision regarding his ineligibility for relief is not binding law of the case because this court did not reach the merits of his appeal, and (2) a conspiracy to commit murder conviction does not conclusively establish that he was convicted of murder under a still-valid theory. We affirm the order.

II.

FACTUAL AND PROCEDURAL BACKGROUND[2]

On March 8, 1991, defendant met with gang members of the Tiny Dukes and the 1200 Block Crips in a park to discuss a plan to retaliate against their common rival gang,

---

[1] Unless otherwise specified, all future statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6 (Stats. 2022, ch. 58, § 10), without substantive changes to the statute's content. We hereafter cite to section 1172.6 for ease of reference.

[2] A summary of the factual background is taken from defendant's prior appeal in case No. E075387 for context purposes only. (See *People v. Carter* (May 8, 2023, E075387) [nonpub. opn.] (*Carter I*).)

Casa Blanca. Later that day, passengers in a car defendant was driving shot and killed a perceived Casa Blanca gang member in a drive-by. (*Carter I*, *supra*, E075387.)

In March 1992, a jury convicted defendant of first degree murder (§ 187, subd. (a); count 1) and conspiracy to commit murder (§§ 182, 187; count 2). The jury also found true enhancement allegations that a principal was armed with a firearm (§ 12022, subd. (d)) and a felony was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(2)). Defendant was sentenced to a total term of 28 years to life in prison.

In January 2019, defendant filed a petition for under former section 1170.95 (now section 1172.6), seeking to vacate his murder conviction and asking for resentencing. The trial court summarily denied the petition on the ground that defendant's conviction for conspiracy to commit murder renders him ineligible for resentencing as a matter of law because that conviction requires a finding that a conspirator harbor an intent to kill.

Defendant subsequently appealed, and appointed counsel filed a brief raising no issues. We gave him an opportunity to file a personal supplemental brief, but he declined. We dismissed defendant's appeal as abandoned pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 228 in May 2023. (*Carter I*, *supra*, E075387.)

On March 28, 2023, defendant filed a second petition for resentencing pursuant to section 1172.6 and requested counsel be appointed for him. In the petition, he alleged that an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory under which malice is imputed; that he was convicted of murder

3

following a trial; and that he could not presently be convicted of murder because of changes made to sections 188 and 189.

The trial court appointed counsel to represent defendant, and counsel filed a motion arguing defendant's prima facie showing for resentencing pursuant to section 1172.6. Defendant later filed a petition to proceed in propria persona. His petition was granted on June 9, 2023.

On August 3, 2023, the People filed a request for judicial notice of materials regarding latent defects in section 1172.6 petition for resentencing and attached the *Carter I* opinion filed May 8, 2023 as Exhibit 1. The People requested the trial court take judicial notice of the complete jury instructions from defendant's trial in case No. CR40178, all of the files and records from case No. CR40178, and this court's prior unpublished opinion (*Carter I*).

On September 5, 2023, defendant filed a request for judicial notice of his trial transcripts. He requested the court take judicial notice of the court's entire record from case Nos. 21675 and 40178.

The prima facie hearing was held on October 13, 2023. The prosecutor argued that defendant's petition had already been adjudicated and his ineligibility for relief due to his conspiracy conviction was binding law of the case. The prosecutor also argued that defendant's petition must be denied as a matter of law, regardless of whether he was the shooter, because the jury verdict on his conspiracy to commit murder charge proved his guilt of first degree murder under a still-valid theory of accomplice liability. The trial

4

court agreed and denied defendant's second petition for resentencing. Defendant timely appealed.

III.

DISCUSSION

Defendant contends the trial court erred in denying his second section 1172.6 petition for resentencing at the prima facie stage because (1) the prior decision regarding his ineligibility for relief is not binding law of the case because this court did not reach the merits of his appeal, and (2) a conspiracy to commit murder conviction does not conclusively establish that he was convicted of murder under a still-valid theory.[3]

A. *Legal Principles*

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) "'to amend the felony[-]murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder

---

[3] The People filed a request with this court to take judicial notice of the jury instructions from defendant's criminal trial, case No. CR40178, filed March 9, 1992. Defendant filed opposition because the jury instructions were not certified or authenticated and the trial court purportedly did not have the instructions when it summarily denied his petition.

We grant the People's request and take judicial notice of the jury instructions given at defendant's trial in case No. CR40178. In doing so, we will only consider those instructions which are appropriate to address whether defendant's petition stated a prima facie case for relief, as will be explained. The jury instructions in case No. CR40178 are subject to judicial notice as records of a court in this state. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *People v. Moore* (1997) 59 Cal.App.4th 168, 178.) Further, these instructions are relevant because they are part of the record of conviction appropriate for consideration in a summary denial of a resentencing petition under section 1172.6. (*People v. Harden* (2022) 81 Cal.App.5th 45, 54-56 [considering jury instructions and verdicts during prima facie stage]; *People v. Ervin* (2021) 72 Cal.App.5th 90, 106 [same].)

liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) 'As amended by Senate Bill No. 1437, the text of section 189 provides no additional or heightened mental state requirement for the "actual killer" prosecuted under a felony-murder theory; it requires only that "[t]he person was the actual killer." [Citation.]'" (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1199-1200; accord *People v. Albert Garcia* (2022) 82 Cal.App.5th 956, 967; see *People v. Lewis* (2021) 11 Cal.5th 952, 957, 971 (*Lewis*).) Hence, with one narrow exception (§ 189, subd. (f)), the legislation effectively eliminated murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3), 189, subd. (e).)

Senate Bill No. 1437 also added what is now section 1172.6, which established a procedure for vacating the murder convictions of defendants who could no longer be convicted of murder because of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10; *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*); *Lewis*, *supra*, 11 Cal.5th at pp. 957, 959, 971; *People v. Gentile* (2020) 10 Cal.5th 830, 843 (*Gentile*); § 1172.6, subd. (a).) The initial version of former

6

section 1170.95 permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551) made substantive amendments to former section 1170.95 that were consistent with our Supreme Court's decision in *Lewis*, *supra*, 11 Cal.5th 952, and also "'[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.'" (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18 (*Birdsall*); *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388 (*Vizcarra*); see Stats. 2021, ch. 551, § 1, subd. (a); § 1172.6, subd. (a); *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891 (*Hurtado*); *People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)

On June 30, 2022, the statute was renumbered as section 1172.6 without further substantive changes. (See *People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) Under section 1172.6, "person[s] convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the

7

natural and probable consequences doctrine, or manslaughter," may file a petition to have that conviction vacated under certain circumstances. (§ 1172.6, subd. (a).)

If a section 1172.6 petition contains all the required information, including "[a] declaration by the petitioner that the petitioner is eligible for relief" (§ 1172.6, subd. (b)(1)(A)), the trial court must appoint counsel, if requested (§ 1172.6, subd. (b)(3)). After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (§ 1172.6, subd. (c).) After receiving a petition containing the required information, "the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*Strong*, *supra*, 13 Cal.5th at p. 708, citing § 1172.6, subd. (c).) If the defendant makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d)(3).) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).) The bar for this prima facie showing was "'intentionally and correctly set very low.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) If the petitioner makes a prima facie showing he or she is eligible for relief under section 1172.6, the court shall hold an evidentiary hearing. (§ 1172.6, subds. (c), (d)(1).) At this hearing, either party may present new evidence and the prosecution bears the burden of proving the petitioner could still be convicted beyond a reasonable doubt. (§ 1172.6, subd. (d)(3).)

A trial court's failure to comply with these statutory requirements is harmless if the record of conviction establishes that a defendant is ineligible for section 1172.6 relief as a matter of law. (See *Lewis*, *supra*, 11 Cal.5th at p. 973.) Our Supreme Court has held that a trial court's statutory omissions at the first step process under section 1172.6 are not state or federal constitutional violations. (*Lewis*, at p. 973; see *Hurtado*, *supra*, 89 Cal.App.5th at p. 893.) Hence, a trial court's failure to follow the procedures enacted in section 1172.6 is analyzed for prejudice under the state law standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, at pp. 973-974.)

"A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) The record of conviction includes the trial court's own documents, jury summations, jury instructions, verdict forms, and prior appellate opinions. (*Lewis*, *supra*, 11 Cal.5th at pp. 971-972.) If the record contains facts refuting the allegations in the petition, the court may make a credibility determination adverse to the petitioner. (*Id*. at p. 971.)

We independently review a trial court's determination of whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*).) "[W]e may affirm a ruling that is correct in law on any ground." (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204 (*Cortes*).)

B. *Successive Petitions and Collateral Estoppel*

Successive petitions for resentencing are not explicitly barred by section 1172.6. However, a successive petition may be barred by the doctrine of collateral estoppel or issue preclusion.[4] (*People v. Farfan* (2021) 71 Cal.App.5th 942, 950-951 (*Farfan*); *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1242, fn. 5; see generally *Strong*, *supra*, 13 Cal.5th at p. 715 ["In general, whether a prior finding will be given conclusive effect in a later proceeding is governed by the doctrine of issue preclusion, also known as collateral estoppel."].) "This common law doctrine is 'grounded on the premise that "once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed."'" (*Strong*, at p. 715.) The doctrine "''has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party

---

[4] We agree with the parties that the prosecutor erroneously argued the second successive petition was barred by the law of the case doctrine. (See *People v. Medrano* (2024) 98 Cal.App.5th 1254, 1264 (*Medrano*); *Harden*, *supra*, 81 Cal.App.5th at p. 50.) Under this doctrine, a party may not seek appellate reconsideration of an issue already decided in the same case absent some significant change in circumstances. (*People v. Boyer* (2006) 38 Cal.4th 412, 441.) Because we dismissed defendant's appeal following his appeal from his first petition (*Carter I*) and did not reach the merits of the appeal, the law of the case doctrine does not apply. We reject defendant's argument that the People forfeited the claim that the doctrine of collateral estoppel or issue preclusion applies. Defendant's reliance on *People v. Neely* (1999) 70 Cal.App.4th 767 to support his forfeiture argument is misplaced. In that case, the court agreed that the doctrines are not waived on appeal. (*Id.* at p. 782.)

or his privy and of promoting judicial economy by preventing needless litigation."'" (*Id.* at p. 716.)

Issue preclusion bars relitigation of issues earlier decided "'only if several threshold requirements are fulfilled.  First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.'" (*Strong*, *supra*, 13 Cal.5th at p. 716.)  These threshold requirements for finding issue preclusion "are necessary" but "they are not always sufficient: "'"Even if the[] threshold requirements are satisfied, the doctrine will not be applied if such application would not serve its underlying fundamental principles" of promoting efficiency while ensuring fairness to the parties.'" (*People v. Curiel* (2023) 15 Cal.5th 433, 454 (*Curiel*); see *Strong*, at p. 716; accord, *Farfan*, *supra*, 71 Cal.App.5th at p. 950 ["[a]pplication of collateral estoppel is not automatic, but is subject to public policy considerations"].) "'[T]he public policies underlying collateral estoppel—preservation of the integrity of the judicial system, promotion of judicial economy and protection of litigants from harassment by vexatious litigation—strongly influence whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy.'" (*Farfan*, at p. 950.)  "We do not apply collateral estoppel 'with the

11

hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality.'" (*People v. Yokely* (2010) 183 Cal.App.4th 1264, 1273.)

A successive petition based upon new legal authority is not procedurally barred. (*Farfan*, *supra*, 71 Cal.App.5th at p. 951; see *Strong*, *supra*, 13 Cal.5th at p. 716 [even when the threshold requirements for issue preclusion are met, the doctrine "does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue"].)

C. *Analysis*

Defendant does not dispute that the threshold requirements for collateral estoppel have been met, and public policy considerations weigh heavily in favor of application of the doctrine in this case. However, *Farfan* held the defendant in that case could file a successive petition because the Supreme Court's ruling in *Lewis* demonstrated the "still-evolving state of [former section] 1170.95 jurisprudence" such that a second petition would not be barred by collateral estoppel. (*Farfan*, *supra*, 71 Cal.App.5th at p. 950.) While *Farfan* held the defendant in that case could file a second petition, it also held defendant was still ineligible for relief as a matter of law based upon the jury's findings. (*Id.* at p. 947.)

In this case, defendant was convicted of first degree premeditated murder and conspiracy to commit murder. Defendant filed his first petition in 2019 and it was summarily denied. At that time, former section 1170.95 only permitted a defendant to file a petition if convicted of murder based upon the felony-murder rule or the natural and

12

probable consequences doctrine; it was not settled whether appointment of counsel or a hearing on the prima facie issue was required. As of January 1, 2022, the statute was amended to clarify a petitioner could request resentencing if he or she was convicted of attempted murder based on a theory of imputed malice, and established procedural requirements for appointment of counsel and a hearing on the prima facie issue. (See, e.g., *Birdsall*, *supra*, 77 Cal.App.5th at p. 865, fn. 18; *Vizcarra*, *supra*, 84 Cal.App.5th at p. 388; *People v. Sanchez* (2022) 75 Cal.App.5th 191, 193-194.)

Defendant's second petition was based on new statutory and case authorities that were not applicable at the time the court denied his first petition in 1999. The law regarding petitions for resentencing is ever-developing, and it did change between the time defendant's first petition was denied and the instant one was filed. We therefore reject the People's contention that defendant's second petition, from which this appeal arises, is procedurally barred.

Nonetheless, the trial court did not err in denying defendant's petition for resentencing because defendant was ineligible for resentencing on his first degree murder and conspiracy to commit first degree murder convictions as a matter of law. At defendant's trial, the court instructed the jury on conspiracy to commit murder, murder, first degree premeditated murder, second degree murder, direct principals, accomplice and aiding and abetting principles. The jury was also instructed on defendant being armed with a firearm during the commission of the offenses. The jury was not instructed

13

on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice.

The jury convicted defendant of first degree premeditated murder and conspiracy to commit murder. The jury thus necessarily found defendant directly aided and abetted the perpetrator in the murder, a theory which still remains valid under the amended law on murder. (*Curiel*, *supra*, 15 Cal.5th at p. 462 [direct aiding and abetting remains a valid theory].) By convicting defendant of conspiracy to murder a Casa Blanca gang member and the murder of one, the jury necessarily found, under the instructions given, defendant harbored an intent to kill. As explained in *Medrano*, *supra*, 68 Cal.App.5th 177: "'[A] conviction of conspiracy to commit murder requires a finding of intent to kill.' [Citation.] "'[A]ll conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder."'" (*Id.* at p. 183; see *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 871 (*Lovejoy*) [the defendant ineligible for relief because jury necessarily found she "personally possessed an intent to kill as part of a conspiracy to commit murder"]; *People v. Cortez* (1998) 18 Cal.4th 1223, 1237; *People v. Beck & Cruz* (2019) 8 Cal.5th 548, 641 (*Beck & Cruz*).) "[C]onspiracy to commit murder can only take a single form: It 'requires a finding of unlawful intent to kill, i.e., express malice' [citation] and 'is necessarily conspiracy to commit premeditated and deliberated first degree murder[.]'" (*People v. Ware* (2022) 14 Cal.5th 151, 167.) "A jury's finding that a defendant is guilty of conspiracy to murder, when a murder has in

14

fact been committed, is 'in effect [a finding] that [the defendant] was a direct aider and abettor of the killings.'" (*People v. Whitson* (2022) 79 Cal.App.5th 22, 36 (*Whitson*).)

In *Medrano*, *supra*, 68 Cal.App.5th 177, the Court of Appeal held relief under section 1172.6 "is unavailable to a petitioner concurrently convicted of first degree murder and conspiracy to commit first degree murder where both convictions involve the same victim" (*id*. at p. 179) because "'a conviction of conspiracy to commit murder requires a finding of intent to kill . . . .'" (*Id.* at p. 184.) There, the petitioner, a participant, like defendant here, but not the shooter in a drive-by shooting into a crowd, was convicted of two counts of first degree murder and conspiracy to commit murder. (*Id.* at p. 179.) The court instructed the jury on the natural and probable consequences doctrine, but the prosecutor argued to the jury that the defendant harbored the intent to kill even though he was not the actual perpetrator. (*Id.* at p. 183.) The Court of Appeal explained that the jury in effect found the petitioner was a direct aider and abettor of the killings, and "'Senate Bill [No.] 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought.'" (*Medrano*, at p. 183, quoting *Gentile*, *supra*, 10 Cal.5th at p. 848.) Further, the *Medrano* court observed the law required an intent to kill to sustain a conviction of conspiracy to commit first degree murder. (*Medrano*, at p. 185.) Since intent to kill was an element of the conspiracy to commit murder conviction, the jury necessarily based its murder conviction on intent to kill, not on the natural and probable consequences doctrine. (*Id.* at p. 185.) The petitioner's conviction for conspiracy to

15

commit first degree murder made him ineligible as a matter of law for section 1172.6 relief. (*Id.* at p. 186.)

*Whitson*, *supra*, 79 Cal.App.5th 22, concluded that an individual convicted of conspiracy to commit murder is ineligible to seek relief under section 1172.6. *Lovejoy*, *supra*, 101 Cal.App.5th 860, following *Whitson* on this point, explained the rationale. "To begin with, the express terms of section 1172.6 provide the potential for resentencing relief only for persons convicted of murder, attempted murder, or manslaughter. Conspiracy to murder is not mentioned in the statute. As the court explained in [*Whitson*], one key purpose of Senate Bill [No.] 775 was to 'include convictions for attempted murder and manslaughter in the list of crimes subject to petition.' (*Whitson*, at p. 34.) *Whitson* found it 'particularly significant' that 'the Legislature had the opportunity to extend [resentencing] relief to conspiracy to murder convictions alongside attempted murder and manslaughter convictions, but did not.' (*Id.* at pp. 34-35.) As a result, [*Whitson*] concluded, section 1172.6 'does not permit a challenge to a conviction for conspiracy to murder.' (*Whitson*, at p. 35.)" (*Lovejoy*, at p. 870.)

*Lovejoy* explained this limitation in the statutory language "is entirely consistent with the legislative purposes in enacting both Senate Bills [Nos.]1437 and 775—'to ensure, with certain exceptions related to felony murder that "a conviction for murder requires that a person act with malice aforethought," and that "culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)'" (*Lovejoy*, *supra*, 101 Cal.App.5th at p. 870, quoting *Whitson*,

16

*supra*, 79 Cal.App.5th at p. 35.) *Lovejoy* further explained that conspiracy to commit murder requires proof of express malice and therefore was reasonably excluded from the scope of section 1172.6 both when it was initially enacted and when it was subsequently amended. (*Lovejoy*, at p. 870.)

Here, the jury herein was correctly instructed on murder and conspiracy to commit murder, and CALJIC No. 3.01 on direct aiding and abetting. As previously noted, direct aiding and abetting was not eliminated by the amendments enacted by Senate Bill Nos. 1437 and 775 "because a direct aider and abettor to murder must possess malice aforethought." (*Gentile*, *supra*, 10 Cal.5th at p. 848.) By convicting defendant of conspiracy to commit murder, the jury necessarily concluded that defendant harbored express malice for murder. (*Beck & Cruz*, *supra*, 8 Cal.5th at p. 642.) In addition, the jury instructions and verdicts demonstrate defendant's murder conviction was not based on a theory of imputed malice. (See *Medrano*, *supra*, 98 Cal.App.5th at p. 1264 ["A person cannot be convicted of conspiracy to commit first degree murder based on such 'imputed' malice"].) Defendant was thus ineligible for resentencing on his convictions for murder and conspiracy to commit murder as a matter of law.

Defendant acknowledges the jury was not instructed on felony murder or the natural and probable consequences doctrine but argues the instructions given to the jury "allowed the jury to impute malice to [defendant] under the natural and probable consequences doctrine because of his participation in another crime—for instance,

assault." However, defendant was neither charged with assault nor was the jury provided with any instructions on assault.

The jury was instructed that both murder and conspiracy to commit murder requires malice aforethought. (CALJIC No. 3.31.5.) The jury was also instructed with CALJIC No. 6.10 (Conspiracy and Overt Act – Defined). The instruction explained: "A conspiracy is an agreement entered into between two or more persons with the specific intent to agree to commit the public offense of murder, followed by an overt act committed in this state by one [or more] of the parties for the purpose of accomplishing the object of the agreement. Conspiracy is a crime. [¶] In order to find a defendant guilty of conspiracy, in addition to proof of the unlawful agreement and specific intent, there must be proof of the commission of at least one of the overt acts alleged in the [information]. It is not necessary to the guilt of any particular defendant that defendant personally committed the overt act, if [he] was one of the conspirators when such an act was committed." That instruction informed the jury of the elements of the offense of conspiracy to commit murder.

The jury was further instructed with CALJIC No. 6.11, Conspiracy – Joint Responsibility: "Each member of a criminal conspiracy is liable for each act and bound by each declaration of every other member of the conspiracy if said act or said declaration is in furtherance of the object of the conspiracy. [¶] The act of one conspirator pursuant to or in furtherance of the common design of the conspiracy is the act of all conspirators. [¶] A member of a conspiracy is not only guilty of the particular

18

crime that to [his] knowledge [his] confederates are contemplating committing, but is also liable for the natural and probable consequences of any act of a co-conspirator to further the object of the conspiracy, even though such act was not intended as a part of the original plan and even though [he] was not present at the time of the commission of such act. [¶] You must determine whether the defendant is guilty as a member of a conspiracy to commit the crime originally contemplated, and, if so, whether the crime alleged [in Count two] was a natural and probable consequence of the originally contemplated criminal objective of the conspiracy."

Defendant contends that CALJIC No. 6.11 allowed the jury to convict defendant of first degree murder involving imputed malice, based on a theory that defendant initially conspired to murder, "but eventually aided and abetted only assault, the natural and probable consequence of which was murder—and this possibility cannot be discounted without fact-finding, which is prohibited at the prima facie stage—so it cannot be concluded that [defendant] is ineligible for resentencing under section 1172.6."

Assessing the jury instructions as a whole (*People v. Tran* (2022) 13 Cal.5th 1169, 1199), we conclude the instructions did not permit the jury to impute malice to defendant in finding him guilty of conspiracy to commit murder. In addition to CALJIC Nos. 6.10 and 6.11, the court provided the jury several instructions on conspiracy: proof of an express agreement not necessary for conspiracy (CALJIC No. 6.12); association with alleged members of a conspiracy does not prove by itself that a person was a member of the conspiracy (CALJIC No. 6.13); person need not know all co-conspirators to be guilty

19

of conspiracy (CALJIC No. 6.14); commission of an act in furtherance of an alleged conspiracy does not prove the person committing the act was a member of the conspiracy (CAJIC No. 6.18); the overt acts alleged as to the conspiracy to commit murder (CALJIC No. 6.23); and admissibility of co-conspirator's statements (CALJIC No. 6.24). The instructions required the jury to find true at least one charged overt act—any or all of which identified the object of the conspiracy as a plot to carry out a retaliatory drive-by shooting of rival gang members.

It is not reasonably likely the jury read these instructions as permitting defendant to be convicted of conspiracy to commit murder without finding he personally had the intent to kill. The jury was informed of its responsibility to determine whether defendant was a member of the alleged conspiracy and the alleged crime of conspiracy to commit murder required a finding each person in the agreement had a specific intent to kill. On this record, the jury's verdict on the charge of conspiracy to commit murder establishes defendant is ineligible for resentencing relief on his murder conviction under section 1172.6. (See *Medrano*, *supra*, 68 Cal.App.5th p. 179 [relief unavailable to defendant "concurrently convicted of first degree murder and conspiracy to commit first degree murder where both convictions involve the same victim"].)

Defendant's reliance on *In re E.R.* (2010) 189 Cal.App.4th 466 (*E.R.*) is misplaced. In that case, the court held that it was possible to find a juvenile defendant guilty of both conspiracy to commit murder and second degree murder because "[w]hile any conspiracy to commit murder is necessarily a conspiracy to commit murder in the

20

first degree . . . a person can conspire to commit first degree murder but nonetheless commit a murder under circumstances that were not contemplated and which amount to no more than murder in the second degree." (*E.R.*, at p. 470.) This holding did not specifically address a petitioner's statutory eligibility for section 1172.6 relief. Further, *E.R.* is distinguishable. In upholding the juvenile court's finding of murder in the second degree, the *E.R.* court concluded that "[w]hether a murder that does occur was premeditated or was prompted by circumstances meeting the criteria of second degree murder is a question of fact, not one of law." (*E.R.*, at p. 470.) However, here, unlike the juvenile court in *E.R.*, the jury made the factual finding of murder in the first degree, it did not find that defendant committed second degree murder.

Considering all of the instructions together, along with the jury's guilty verdicts on counts 1 and 2, the jury necessarily found defendant intended to kill a Casa Blanca gang member, which was an element of conspiracy to commit murder, as well as first degree murder that did not rely on the natural and probable consequences doctrine. Under these circumstances, like *Medrano*, defendant is not entitled to section 1172.6 relief because a jury finding of intent to kill supported the murder conviction without resort to the natural and probable consequences doctrine. (*Medrano*, *supra*, 68 Cal.App.5th at pp. 185-186; see *Coley*, *supra*, 77 Cal.App.5th at p. 548; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055; *Cortes*, *supra*, 75 Cal.App.5th at p. 205 [petitioner's "jury was not instructed on any theory of liability for murder or attempted murder that required that malice be imputed to him," thus he was "ineligible for resentencing under section [1172.6]"].) In

21

other words, the record of conviction conclusively establishes the absence of a predicate for section 1172.6 relief, namely that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3).)

## IV.

## DISPOSITION

The post-judgment order denying defendant's section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

FIELDS

J.